IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS HYRAM PASCHAL, | ) | |
| | ) | Civil Action No. 06-727 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MCKEESPORT ELDERLY HOUSING CORPORATION and SUPPORTIVE HOUSING MGMT SERVICES, | ) ) ) | |
| | ) | |
| Defendants, | ) | |

**<u>ORDER</u>**

CONTI, District Judge

On June 5, 2006, plaintiff, Curtis Paschal, ("plaintiff") filed a five-count complaint alleging violations of the Federal Fair Housing Act, 42 U.S.C. § 3604, and disability discrimination in violation of 42 U.S.C. §1982.  This *pro se* action was filed against defendants McKeesport Elderly Housing Corporation and Supportive Housing Management Services, (collectively "defendants"), the entities that own and operate the apartment complex within which plaintiff resides.

On November 16, 2006, this court entered a case management order setting forth the relevant times within which summary judgment motions should be filed with this court.  In its order, this court directed all summary judgment motions be filed by December 1, 2006.  The court ordered the parties to respond on or before January 5, 2007.  Four days later, on November 20, 2006, plaintiff filed a motion to continue the case.  Plaintiff indicated that he would be undergoing back surgery and would need additional time to respond to the motion for summary

judgment. This court granted plaintiff's motion in part and denied it in part. The court directed the plaintiff to respond to the motion for summary judgment on or before January 31, 2007.

On December 1, 2006, defendants filed its motion for summary judgment. The motion for summary judgment asserts that plaintiff's claims fail because section 1982 does not provide any cause of action for disability discrimination. Further, defendants argue that plaintiff's FFHA claim fails because plaintiff admitted there had been no discriminatory act, no disparate impact, and no refusal to make any accommodation. Finally, defendants assert that plaintiff conceded that he suffered no injury.

On February 5, 2006, defendants filed a supplemental motion for summary judgment. In its supplemental motion for summary judgment, defendants asserted that it had previously received a letter from plaintiff indicating that plaintiff was moving out of his residence. The letter did not give a forwarding address for plaintiff. Plaintiff has not responded to the motion for summary judgment as ordered by this court in its November 30, 2006 case management order. After plaintiff failed to respond to defendants' motion for summary judgment or the supplemental motion for summary judgment, this court issued an order on April 3, 2007 directing plaintiff to show cause why the relief sought by defendants should not be granted. The court ordered plaintiff to respond on or before April 20, 2007. To date, plaintiff has failed to respond to either defendants' motions for summary judgment or this court's order to show cause.

## Discussion

The time period established by this court in its November 30, 2006 and April 3, 2007 orders has long since passed. Plaintiff has not responded to the pending motions for summary judgment nor has he sought an enlargement of time within which to do so. Furthermore, the

correspondence received from plaintiff regarding his move out of his apartment, the subject of this litigation, suggests that plaintiff may have intended to abandon this litigation.

Pursuant to Federal Rule of Civil Procedure 41(b), failure to prosecute an action may warrant dismissal. Rule 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The United States Court of Appeals for the Third Circuit set forth six factors that a district court must consider when deciding whether to dismiss a complaint with prejudice. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir.1984). The factors that this court must consider include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders; (3) whether a history of dilatoriness exists; (4) whether the conduct fo the party was wilful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) whether the claim or defense has merit . Id. at 868. The court will consider the relevant factors in turn.

Because plaintiff is proceeding *pro se*, he is personally responsible for his failure to respond to defendants' motions for summary judgment. Plaintiff is also personally responsible for his failure to respond to this court's order to show cause why the requested relief should not be granted. The record is clear that, although proceeding *pro se*, plaintiff knew how to request an enlargement of time to respond to the motions for summary judgment as he did so in his November 20, 2006 motion to continue the case. Plaintiff, however, has made no attempt to do

so since November 20, 2006.  Further, plaintiff has made no attempt to comply with the court's November 30, 2006 or April 3, 2007 orders nor has plaintiff made any assurances that his compliance will be forthcoming.  This case does not present an opportunity to consider any other effective sanction other than dismissal.  Based on plaintiff's failure to respond to either the motions for summary judgment or this court's order to show cause, an application of the Poulis factors weighs in favor of dismissal.

The plaintiff's failure to respond to this court's November 30, 2006 and April 3, 2007 orders is deemed a failure to prosecute and his action will therefore be dismissed with prejudice. Judgment will be entered in favor of defendants.

### Order

IT IS HEREBY ORDERED THAT plaintiff's failure to respond to the Order of November 30, 2006 and the Order of April 3, 2007 are deemed failures to prosecute this action.

IT IS FURTHER ORDERED THAT plaintiff's action is hereby dismissed, with prejudice and the Clerk of Court shall close this case.

By the court:

/s Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:   Counsel of record